IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN ALLEN JUSTICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CV-888-WKW |
| | ) | [WO] |
| | ) | |
| JEFF LINDSEY COMMUNITIES, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On July 23, 2010, Plaintiff filed a slip-and-fall Complaint (Doc. # 1-3) in the Circuit

Court of Russell County, Alabama. The Complaint alleged that Plaintiff, an employee of

Rusco Plumbing Co., Inc. ("Rusco"), was at a work site on a new home being constructed

by Defendant Jeff Lindsey Communities, Inc. ("Lindsey"), when Lindsey "negligently and/or

wantonly caused or allowed mud to drain into and collect on the cement floor of the home's

carport." (Compl. ¶ 3.) Plaintiff alleges that, while traversing the floor, he "was caused to

slip and fall hitting the back of his head on the concrete floor[,]" causing "significant injury

to his head" and resulting in "medical expenses and lost time from work." (Compl. ¶¶ 4-5.)

The Complaint also names Rusco as a Defendant in Count 2 of the Complaint, but merely

asks the court that "[Rusco's] right to subrogation be recognized and protected in this

action." (Compl. ¶¶ 7-10a.)

Lindsey was served with the Complaint on September 23, 2010 (Doc. # 1-2, at 11),

and filed a timely Notice of Removal (Doc. # 1), pursuant to 28 U.S.C. §§ 1332, 1441 and

1446(b), on October 21, 2010, asserting that there is complete diversity because Defendant

Rusco was fraudulently joined and that the jurisdictional amount is satisfied because the

"amount in controversy in this action exclusive of interest[ ] and costs clearly exceeds the

sum of $75,000.00." (Not. of Removal 3.)

Before the court is Plaintiff's Motion to Remand (Doc. # 14), which has been fully

briefed and is ready for adjudication.  Plaintiff asserts that there is both a lack of complete

diversity because Rusco was not fraudulently joined and that Lindsey has not established the

amount in controversy by a preponderance of the evidence.  Based upon counsel's

arguments, the relevant law, and the record, Plaintiff's motion is due to be granted.[1]

## I.  STANDARD OF REVIEW

### A.    <u>Generally</u>

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon

them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However,

"[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092,

1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375

(1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the

law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.

---

[1]  Because the court finds that Defendant has not established § 1332's amount in controversy
requirement, the fraudulent joinder issue need not be addressed.

"[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

**B.      The Substantive Jurisdictional Requirements of Removal**

"Consistent with the limited nature of federal jurisdiction, the party seeking federal venue must establish the venue's jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).   In this context, the burden of establishing federal jurisdiction is on the removing defendant. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).   Where the complaint alleges unspecified damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Id.*; *Lowery*, 483 F.3d at 1210; *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the jurisdictional requirement." (emphasis added)), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

"The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard.  Defendants may introduce their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka*, 608 F.3d at 755 (collecting cases).  At the same time, "[t]he absence of factual allegations pertinent to the existence of jurisdiction is

3

dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery*, 483 F.3d at 1215.  "[N]either the defendants nor the court may speculate in an attempt to make up for the notice's failings."  *Id.* at 1214-15.  However, a court may only consider any attendant evidence "if consideration of [that evidence] is procedurally proper[.]"  *Pretka*, 608 F.3d at 756.

## C.    The Procedural Requirements for Removal

The procedure for removing a case to federal court is set out in 28 U.S.C. § 1446. *Pretka*, 608 F.3d at 756.  Section 1446(a) states that a removing defendant "shall file in the district court of United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . ." § 1446(a).

Section 1446(b) is divided into two paragraphs.  Under the first paragraph, a defendant may rely on the *initial pleading*, filing a notice of removal "after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ." *Id*.

In *Pretka*, the Eleventh Circuit clarified that, as to removals based on the first paragraph of § 1446(b), no limitations exist as to the evidence a federal court may consider when the removal is timely.  In so holding, *Pretka* rejected *Lowery*'s dicta that a removal under the first paragraph of § 1446(b) must be based on a document received from the plaintiff.  *See* 608 F.3d at 768.  Hence, under the first paragraph of § 1446(b), "the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it

received from the plaintiff or the court." *Id.* The *Pretka* court stated: "[W]e do not believe that Congress, when it enacted § 1446, altered the traditional understanding that defendants could offer their own affidavits or other evidence to establish federal removal jurisdiction." *Id.* at 759.

The Eleventh Circuit has more recently stated, in the § 1446(b) first paragraph removal context, that "when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

## II.  DISCUSSION

Lindsey's Notice of Removal amounts to pure speculation and provides nothing to suggest that the amount in controversy requirement has been met in this case. In one short paragraph dedicated to the amount in controversy, Lindsey asserts that because the injuries were to Plaintiff's head, because Plaintiff alleges that he has suffered pain and mental anguish, and because Plaintiff alleges that the injuries were permanent, "the amount in controversy . . . clearly exceeds the sum of $75,000.00." (Not. of Removal 3.) The Notice of Removal contains no other arguments or evidentiary submissions to support Lindsey's position. By themselves, these allegations are insufficient to carry Lindsey's burden to prove the amount in controversy by a preponderance of the evidence. The nature, severity, and degree of permanence of Plaintiff's head injuries are unknown to this court at this time.

Lindsey relies on the same arguments in its brief in opposition to Plaintiff's motion to remand, but adds one more: "To date, Plaintiff has received in excess of $25,000 in compensation under his workers' compensation claim, and, upon information and belief, this amount continues to grow. It must be noted that the amount of compensation received under the Act is capped and reflects only a portion, in many cases less than a third, of actual alleged medical expenses and lost wages." (Br. in Opposition 5.)

However, Lindsey provides no evidence of the actual amount of compensation received by Plaintiff under his workers' compensation claim other than its uncited statement reproduced above. "Statements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980). Lindsey asks the court to speculate both as to how much Plaintiff has actually received under his workers' compensation claim and as to what percentage that unknown figure represents of his total claim. Such an equation would be unsolvable when every variable of the equation is an unknown. On this record, "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Pretka*, 608 F.3d at 753 (quoting *Lowery*, 483 F.3d at 1215). "[N]either the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214-15.

Lindsey has not established this court's amount in controversy by a preponderance of the evidence and, therefore, Plaintiff's motion to remand is due to be granted.

### III.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 14) is

GRANTED, and this action is REMANDED to the Circuit Court of Russell County,

Alabama.  The Clerk of the Court is DIRECTED to take appropriate steps to effect the

remand.

DONE this 25th day of February, 2011.


                                    /s/ W.  Keith Watkins
                                    UNITED STATES DISTRICT JUDGE